USCA1 Opinion

 

 [NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

Nos. 97-1701
 97-2036

 LYDIA MARTINEZ AND LUIS ARCE, BY HIS MOTHER AND NEXT FRIEND
 LYDIA MARTINEZ,
 
 Plaintiffs, Appellants,
 
 v.
 
JOSE GARCIA, JOHN MARTEL, TRENT HOLLAND AND THE CITY OF BOSTON,
 
 Defendants, Appellees.
 

 APPEALS FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Richard G. Stearns, U.S. District Judge]
 

 Before
 
 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 

 Stephen B. Hrones and Hrones & Garrity on brief for
appellants.
 Sarah R. Wunsch on brief for The American Civil Liberties
Union of Massachusetts, amicus curiae.
 John P. Roache, Hogan, Roache & Malone on brief for Jose
Garcia.
 Mary Jo Harris on brief for John Martel and Trent Holland.

October 5, 1998

 Per curiam. Having carefully reviewed the parties'
appellate submissions and having determined that oral argument
would not advance the decisional process, we summarily affirm the
judgment below in all respects. See 1st Cir. R. 27.1
 First, even if we assume arguendo that there was
sufficient evidence for the jury to have concluded that appellee
Garcia had supervisory authority over the other defendant officers,
the evidence was insufficient to ground a sustainable conclusion
that Garcia's inaction prior to the execution of the warrant
amounted to the type of reckless or callous indifference to
plaintiffs' constitutional rights that gives rise to supervisory
liability. See Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562
(1st Cir. 1989). Second, even if we assume arguendo that the
district court clearly erred in denying plaintiffs' motion to
compel production of the defendant officers' internal affairs
department files, plaintiffs' failure even to attempt to explain 
how the ruling resulted in a "manifest injustice, that is, . . .
substantial prejudice to the aggrieved party," Mack v. Great
Atlantic & Pacific Tea Company, Inc., 871 F.2d 179, 186 (1st Cir.
1989) (setting forth standard of review for challenges to discovery
orders) (citations omitted), constitutes a waiver of any argument
for a new trial on the basis of this alleged error, see, e.g.,
United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); Fed. R.
App. P. 28(a)(6) (an appellant's brief must include both "a concise
statement of the applicable standard of review" and an argument
"with citations to the authorities, statutes, and parts of the
record relied on"). Third, we remain firm in our conviction that
appellants are not entitled to the costs of preparing the
transcript under 28 U.S.C. 753(f).
 Affirmed. Costs to appellees.